**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRIAD SENIOR LIVING, INC. AND TK ELEVATOR CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, S.I.,<br><br>Defendant. | Case No. 1:23-cv-17173<br><br>Judge Edmund E. Chang<br><br>Magistrate Judge Maria Valdez |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-RESPONSE TO PLAINTIFF TK ELEVATOR'S MOTION TO COMPEL**

COMES NOW, Defendant Church Mutual Insurance Company, S.I., by and through undersigned counsel, and for its Motion for Leave to File a Sur-Response to Plaintiff TK Elevator Corporation's Motion to Compel, states:

1. The day before a scheduled hearing on its Motion to Compel, Plaintiff TK Elevator Corporation ("TKE") filed a twenty-page reply brief.

2. The reply brief raised a new case, *MOL (Am.), Inc. v. Carolina Cas. Ins. Co., EICC, Inc*., 2007 WL 9817912, at *4 (N.D. Ill. July 31, 2007). TKE claims *MOL* demonstrates that work product protection for a claim file does not incept until coverage litigation commences.

3. As it is a new case, and the Court cancelled the scheduled hearing, Defendant will not get a chance to respond to TKE raising *MOL* in support of its Motion unless given leave to file a Sur-Response.

4. The proposed Sur-Response, attached hereto as Exhibit 1, would raise that *MOL's* outcome expressly depended on the fact the insurer never denied the tender and that *MOL*

restates *Logan's* holding that "the key date for work product privilege is the date the insurer officially makes and communicates to the insured the decision to deny coverage." *Id.* at 4.

5. Therefore, *MOL* only stands for the proposition that work product protection begins with coverage litigation if there is no pre-suit denial of coverage by the insurer. *Id.*

6. Whereas here CMIC denied TKE's tender on March 10, 2021, and that denial is what made suit reasonably anticipated.

7. Denying a tender creates the possibility that the denied party will sue irrespective of whether the denial addressed every potential ground for coverage or reason CMIC was denying the tender.

8. Therefore, it is immaterial that the denial did not address the Umbrella Policy in that CMIC denied the requested coverage.

9. Also, TKE raises a new ground for production, which is that its bad faith claim supports production of the claim file

10. The case TKE cited, *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.*, 1996 WL 89225 (N.D. Ill. Feb. 27, 1996), states documents showing how the insurer made its coverage determination are discoverable in bad faith claims so the insured can know the process that resulted in the denial of coverage. That ruling is consistent with *Logan*, which holds discoverable documents prior to the coverage determination. Here, CMIC denied coverage to TKE on March 10, 2024, and so documents after that are work product as they don't show what went into the tender denial

Wherefore, Defendant requests leave to file a Sur-Response to TKE's Motion to Compel, attached here to as Exhibit 1, and for any other relief the court deems just.

Respectfully submitted,

CHURCH MUTUAL INSURANCE COMPANY,

By: */s/ Michael Brendhan Flynn*
One of its Attorneys

James P. DuChateau, Esq.
Michael Brendhan Flynn, Esq.
HEPLERBROOM LLC
70 W. Madison Street, Suite 2600
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email: james.duchateau@heplerbrooom.com
Email: brendhan.flynn@heplerbrooom.com

**CERTIFICATE OF SERVICE**

I, Michael Brendhan Flynn, an attorney of record for the Defendant in the above-entitled action, hereby certify and state that I caused to have served the above document on the following attorneys of record via electronic mail on January 22, 2025.

E-Mail: Sherilyn Pastor...........spastor@mccarter.com

Brian Ledebuhr ..........bledebuhr@vedderprice.com

Steven Rouse.............spr@m2rlaw.com
Craig Kaplin...............ckk@m2rlaw.com

By: */s/ Michael Brendhan Flynn*