**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TK ELEVATOR CORPORATION AND TRIAD SENIOR LIVING, INC.,         Plaintiffs, <br><br> v. <br><br> CHURCH MUTUAL INSURANCE COMPANY, S.I.,         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No. 23-cv-17173**<br>   Hon. Edmond E. Chang, U.S.D.J.<br>   Hon. Maria Valdez, U.S.D.M.J. |

## JOINT MOTION FOR STAY OF DISCOVERY

Plaintiffs TK Elevator Corporation ("TKE") and Triad Senior Living, Inc. ("Triad"), and Defendant Church Mutual Insurance Company, S.I. ("CMIC") (collectively, the "Parties"), by and through their undersigned counsel, respectfully move for a stay of discovery, consistent with the Court's Minute Entry, dated February 14, 2025, permitting the Parties to cross-move for summary judgment on the duty to defend and providing as follows: "The parties may seek a stay of discovery from the magistrate judge, who has complete authority of that decision." [ECF No. 82]. In support of their Joint Motion, the Parties state as follows:

1.      This matter concerns insurance coverage for underlying litigation that is pending before this court, which is captioned *Carroll v. Thyssenkrupp Elevator Corp.*, No. 1-20-cv-07220 (N.D. Ill.), and *Zenith Ins. Co. v. Thyssenkrupp Elevator Corp.*, No. 1:20-cv-06699 (N.D. Ill.) (collectively, "Underlying Action").

2.      On December 30, 2024, Plaintiffs moved for an extension of time to complete discovery [ECF No. 53], and the Court granted such motion on January 8, 2025 [ECF No. 62]. As

such, the discovery deadline is March 15, 2025. The Court has not yet set a deadline for the completion of expert discovery.

3. Also on December 30, 2025, Plaintiff TKE filed a Motion to Compel against CMIC. [ECF No. 53]. On January 8, 2025, the Court Ordered CMIC to prepare an updated privilege log; the Court continued the remainder of the motion [ECF No. 62].

4. Thereafter, on January 24, 2025, the Court Ordered CMIC to produce the documents that are subject of Plaintiff TKE's Motion to Compel to the Court for *in camera* review [ECF No. 62].

5. CMIC complied with both of the above Orders. To date, the Court has not ruled on the entirety of Plaintiff TKE's Motion to Compel or otherwise provided a judicial determination concerning its *in camera* review of CMIC's documents.

6. In the interim, the Parties jointly moved the Court for permission to cross-move for summary judgment on the duty to defend, in advance of the completion of discovery [ECF No. 81]. The Court granted such Motion, setting a briefing schedule and providing as follows:

> The joint motion to allow cross-motions for summary judgment on the duty to defend 81 is granted in part given the substantial prospect in advancing a resolution of the case. <u>The parties may seek a stay of discovery from the magistrate judge, who has complete authority of that decision.</u>

*Id.* (emphasis added).

7. The Parties are prepared to comply with the current Scheduling Order and take fact witness deposition in advance of the March 15, 2025 deadline. *However*, the Parties also maintain that such depositions will be most efficient if taken <u>after</u> the Court has ruled on the pending Motion to Compel and/or addressed CMIC's documents that the Court reviewed *in camera*.

8. Indeed, in the absence of the Court's ruling, underlying counsel anticipate that CMIC will object to several lines of inquiry and/or instruct the witnesses not to answer on the

-2-

Doc:892065_1

assertion of privilege, and Plaintiffs will move to continue such depositions if TKE receives a favorable ruling.

9.     Furthermore, a stay of discovery is consistent with the procedural posture of this case – i.e., the Parties currently are briefing their cross-motions for summary judgment on the duty to defend, and the Court has indicated the Parties may seek a stay of discovery [ECF No. 82].

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion and enter an Order staying discovery until the Court has ruled on the Parties' Motions for Summary Judgment concerning the duty to defend.

Respectfully submitted,

Craig K. Kaplin
MOLZAHN, REED & ROUSE, LLC
17 North State Street, Suite 1590
Chicago, IL 60602
(T): (312) 553-8631
ckk@m2rlaw.com

**TK ELEVATOR CORPORATION,**

By: *Craig K. Kaplin*
       One of Its Attorneys

Brian W. Ledebuhr
VEDDER PRICE P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601-1003
(T): (312) 609-7500
bledebuhr@vedderprice.com

**TRIAD SENIOR LIVING, INC.,**

By: *Brian W. Ledebuhr*
       One of Its Attorneys

Michael Brendhan Flynn
HEPLERBROOM LLC
70 W. Madison Street, Suite 2600
Chicago, IL 60602
(T): (312) 230-9100
Brendhan.flynn@heplerbroom.com

**CHURCH MUTUAL INSURANCE COMPANY, S.I.**

By: *Michael Brendhan Flynn*
       One of Its Attorneys

-3-

Doc:892065_1

-4-

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **March 6, 2025,** a copy of the Joint Motion for Stay of Discovery was filed electronically with this Court, causing a copy of the foregoing document to be delivered via the Court's CM/ECF Electronic Filing System to all Counsel of Record.

By: *Craig K. Kaplin, ARDC #6309383*
One of Its Attorneys

-4-